IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET T.,[1]

           Plaintiff,

      v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

           Defendant.

Case No. 6:24-cv-00939-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Janet T. filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405, and the parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision and remands for the calculation and payment of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). "For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by regulation as recognized in Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022))).

///

**BACKGROUND**

I.  **PLAINTIFF'S APPLICATION**

Plaintiff was born in June 1956, and was fifty-eight years old on April 2, 2015, her alleged disability onset date.[2] (Tr. 159, 857.) In her application, Plaintiff alleged disability due to chronic anorectal disease/recurrent peri-rectal abscess disease, chronic pancreatitis, degenerative disc disease, an incomplete right rotator cuff tear, adjustment disorder with mixed anxious and depressed mood, somatic symptom disorder with predominant pain, and residuals of a left wrist fracture following a motor vehicle accident in 2018. (*Id.* at 287.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (*Id.* at 159-75, 194.) Plaintiff and an impartial vocational expert ("VE") appeared and testified at a hearing before an administrative law judge ("ALJ") on August 27, 2018. (*Id.* at 36-75.) On September 12, 2018, the ALJ issued a written decision denying Plaintiff's application. (*Id.* at 17-35.) On September 10, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-7.) Plaintiff appealed the denial to the United States District Court for the District of Oregon (*id.* at 954), and a senior U.S. District Judge affirmed the ALJ's decision. (*Id.* at 974-95.) On appeal, the Ninth Circuit "vacate[d] the district court's judgment with directions to remand to the agency

---

[2] To be eligible for DIB, "a worker must have earned a sufficient number of [quarters of coverage] within a rolling forty quarter period." *Herbert v. Astrue*, No. 1:07-cv-01016 TAG, 2008 WL 4490024, at *4 (E.D. Cal. Sept. 30, 2008) (citation omitted). Workers accumulate quarters of coverage based on their earnings. *Id.* Typically, "the claimant must have a minimum of twenty quarters of coverage [during the rolling forty-quarter period to maintain insured status]. . . . The termination of a claimant's insured status is frequently referred to as the 'date last insured' or 'DLI.'" *Id.* (citation omitted). Thus, Plaintiff's date last insured ("DLI") of September 30, 2022 (Tr. 857) reflects the date on which her insured status terminated based on the previous accumulation of quarters of coverage. If Plaintiff established that she was disabled on or before September 30, 2022, she is entitled to DIB. *See Truelsen v. Comm'r of Soc. Sec.*, No. 2:15-cv-2386-KJN, 2016 WL 4494471, at *1 (E.D. Cal. Aug. 26, 2016) ("To be entitled to DIB, plaintiff must establish that he was disabled . . . on or before his date last insured." (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998))).

for further proceedings." (*Id.* at 965-69; *see id.* at 969, "Had the ALJ properly evaluated [Plaintiff's] and [lay witness] testimony and [Michelle Whitehead, Ph.D.'s ("Dr. Whitehead")] findings regarding [Plaintiff's] mental health impairments, the ALJ might well have found that [Plaintiff] is disabled.")

On September 13, 2022, the Appeals Council remanded the case to the ALJ. (*Id.* at 998.) On December 12, 2023, a different ALJ held a hearing, at which Plaintiff and an impartial VE testified. (Tr. at 885-918.) On March 18, 2024, the ALJ again denied Plaintiff's claim.[3] (*Id.* at 850-84.) Plaintiff now seeks judicial review of that decision.

## II.     THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

---

[3] Plaintiff had filed a subsequent claim for disability benefits on October 4, 2019, but the remand "render[ed] the subsequent claim duplicate." (Tr. 998.) The Appeals Council instructed the ALJ to consolidate the claims files, associate the evidence, and issue a new decision on the consolidated claims. (*Id.*)

PAGE 4 – OPINION AND ORDER

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id*. at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

## III. THE ALJ'S DECISION

The ALJ applied the sequential evaluation process to determine if Plaintiff was disabled. (Tr. 855-70.) At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity since April 2, 2015, the alleged onset date, but that the record contained consecutive twelve-month periods during which Plaintiff did not engage in substantial gainful activity. (*Id.* at 857.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "lumbar spine condition and chronic perirectal abscess/fistula." (*Id*.)

At step three, the ALJ determined that Plaintiff had the residual function capacity ("RFC") to perform light work, except that she needs to be able to alternate between standing and sitting at will without leaving the workstation; can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; can occasionally crawl; can frequently stoop and crouch; can occasionally reach overhead with the right upper extremity within the weight limits for light work; can frequently handle and finger; and cannot have concentrated exposure to industrial vibration, heights, or hazardous conditions. (*Id.* at 863.)

///

At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a grants coordinator and front desk administrative clerk. (*Id.* at 869.) The ALJ therefore found Plaintiff not disabled from April 2, 2015, the amended alleged onset date, through March 21, 2024, the date of decision. (*Id.* at 870.)

## DISCUSSION

The parties agree the Court should reverse and remand the ALJ's decision, but disagree about the scope of the remand. (*See* Def.'s Br. at 2-6, ECF No. 14; Pl.'s Reply at 1-13, ECF No. 15.) Plaintiff argues that the Court should remand for the payment of benefits because her properly-credited testimony requires a finding of disability. (Pl.'s Reply at 7-13.) Defendant argues that "the record requires further development and there are outstanding issues that must be resolved[,]" and that "Plaintiff will be given a *de novo* opportunity to present his case." (Def.'s Br. at 2-5.)

I.  **REMAND**

   A.  **Applicable Law**

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). In several cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is satisfied if: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to

provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted).

Even when the credit- as-true standard is met, the court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

**B.     Analysis**

Plaintiff argued in her opening and reply briefs that the Court should apply the "credit-as-true" rule and remand for an immediate award of benefits. (*See* Pl.'s Br. at 35, ECF No. 10; Pl.'s Reply at 7-13.) The Commissioner did not provide any meaningful analysis of the "credit-as-true" rule in the response, but instead cited the relevant standard and argued that "remand for further development, not reversal for calculation of benefits, is the appropriate remedy." (Def.'s Br. at 4.) The Court finds that remanding for an award of benefits is appropriate here.

First, the parties agree the ALJ committed harmful error by failing to support with substantial evidence her determination at step four that Plaintiff could perform past relevant work, and further agree that remand is necessary. (Pl.'s Br. at 21-23; Def.'s Br. at 2; Pl.'s Reply at 1-13.) In light of the parties' stipulation, the Court finds that the ALJ committed harmful error at step four.

Second, with respect to crediting any improperly discredited evidence as true, Plaintiff also argued in her opening brief, *inter alia*, that the ALJ erred in her evaluation of Plaintiff's symptom testimony. (*See* Pl.'s Br. at 26-37.) Defendant did not address Plaintiff's arguments about her symptom testimony in the response. (*See* Def.'s Br. at 5, stating only that the "Commissioner denies any arguments not specifically addressed" and requesting that "on

remand Plaintiff will be given a *de novo* opportunity to present [her] case.") The Court finds that the Commissioner has waived any challenge to Plaintiff's remaining assignments of error.[4] *See Jenna R. v. Comm'r Soc. Sec. Admin.*, No. 6:24-cv-01221-AR, 2025 WL 1144751, at *3-4 (D. Or. Apr. 18, 2025) ("As this court previously has concluded, the Commissioner's failure to respond to a claimant's arguments constitutes a waiver." (first citing *Matthew Jacob C. v. Comm'r Soc. Sec. Admin.*, No. 1:23-cv-00906-AR, 2024 WL 4100551, at *4 (D. Or. Sept. 6, 2024); then citing *Jeffrey C. v. Kijakazi*, No. 3:22-cv-79-SI, 2023 WL 4760603, at *3 (D. Or. July 26, 2023); then citing *Lacey G. v. Comm'r Soc. Sec. Admin.*, No. 3:21-cv-00882-YY, 2022 WL 17845936, at *2 (D. Or. Dec. 22, 2022); then citing *Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-01822-HL, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021); and then citing *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013)); *see also id.* at *4 ("By refusing to undertake an analysis of plaintiff's arguments, and agreeing only to remand for additional proceedings, the Commissioner seeks a mulligan or 'do over.' Accordingly, the Commissioner's failure to respond to plaintiff's direct challenge to the ALJ's subjective symptom findings,

---

[4] To hold otherwise would allow the Commissioner to agree to remands without ever addressing the merits of Plaintiff's arguments, which further exacerbates the high cost and slow pace of appealing a denial of disability benefits. In this second appeal, Plaintiff filed a thirty-five page brief and the Commissioner filed a short response requesting remand for a complete do-over without any meaningful analysis. Ninth Circuit guidance and the objectives of the credit-as-true rule recognize that remanding to allow the Commissioner a do-over does not serve a "useful purpose" under the credit-as-true analysis. *See Garrison*, 759 F.3d at 1021; *see also Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114, at *3 (9th Cir. July 5, 2023) ("[R]emand would serve no legitimate purpose. . . . [P]ermitting the Government to introduce additional evidence on remand would provide the Government with an unfair second opportunity to present its case." (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004))); *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa*, 367 F.3d at 887 ("The Commissioner, having lost this appeal, should not have another opportunity to show that [the claimant] is not credible any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings to establish his credibility").

medical opinion evidence, lay witness testimony, and vocational expert testimony, constitutes a waiver of those arguments for this judicial review. The court will not undertake an analysis of plaintiff's arguments and the ALJ's provided rationales where the Commissioner has failed to do so. Consequently, the court will not remand issues that the Commissioner has failed to respond to, which would cause plaintiff to have to re-litigate them." (citing *Krista B.*, 2021 WL 5235969, at *4)).

Plaintiff argues that crediting her testimony as true would require a finding of disability in light of, *inter alia*, absences caused by her acute pancreatitis and perirectal abscess flare-ups. (*See* Pl.'s Reply at 11-12.) The Commissioner does not address whether crediting Plaintiff's symptom testimony as true would require a finding of disability. (*See generally* Def.'s Br.)

The Court finds that if Plaintiff's symptom testimony is credited as true, the ALJ would be required to find Plaintiff disabled on remand because her impairments would cause her to exceed the customary tolerance for absences. The record reflects that Plaintiff would miss at least two or three days of work per month, be off task ten percent of the time, and require significant time to rest and elevate her legs throughout the workday. (*See, e.g.*, Tr. 51-53.) The VE testified that being off task more than ten percent of the time, or missing more than one workday per month on a recurring basis, would preclude all work. (*See id.* at 65-66, 69, 916-17.) In addition, the VE testified that "[l]ying down is not allowed during the work shift in competitive employment." (*Id.* at 69, 917.) Crediting this evidence as true, the ALJ would be required to find Plaintiff disabled on remand. *See Garrison*, 759 F.3d at 1021 n.28 (explaining that "there is no need to develop the record or convene further administrative proceedings" where "the VE answered a question describing a hypothetical person with the RFC that the claimant would possess were the relevant opinion or testimony taken as true").

PAGE 9 – OPINION AND ORDER

Finally, the Court finds that the record has been fully developed, including treatment notes spanning the relevant time period, opinions from medical sources, and Plaintiff's testimony about the severity and effects of her impairments. (*See* Pl.'s Reply at 9-10, "[Plaintiff's] administrative record now numbers 2588 pages. She has appeared at two disability hearings; she has completed multiple agency forms describing her past work as well as the limitations caused by her impairments; and vocational experts have given testimony regarding the vocational impact of the limitations which she has described.") Further, the Commissioner has not identified any ambiguities or significant factual conflicts in the record (*see generally* Def.'s Br.). *See Treichler*, 775 F.3d at 1104 (explaining that to determine whether the record is fully developed the court looks to whether there are "significant factual conflicts in the record"). The Court finds that further proceedings would serve no useful purpose.[5] *See Garrison*, 759 F.3d at 1021 ("[O]ur precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis.") (citations omitted); *Kassa v. Berryhill*, No. 2:17-cv-01332-JRC, 2018 WL 4347342, at *7 (W.D. Wash. Sept. 12, 2018) ("Here, the ALJ has already had two opportunities to give specific and legitimate reasons for rejecting the portion of [the medical provider's] testimony that is favorable to the claimant. To give a third opportunity would create the 'heads we win; tails, let's play again' situation the Ninth Circuit has warned against." (*citing Garrison*, 759 F.3d at 1021-22)); *cf. Hanford v. Colvin*, No. 2:16-cv-00921 JRC,

---

[5] The Court notes with frustration that Plaintiff's application for disability benefits has now been pending for almost ten years. *See Guenther v. Comm'r of Soc. Sec.*, No. 2:21-cv-01516-DGE, 2022 WL 1134883, at *4 (W.D. Wash. Apr. 18, 2022) ("Plaintiff filed her applications for DIB . . . in 2017, and has been waiting more than five years for a final decision on her claims; further proceedings would only delay her claim further." (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996))); *see also Smolen*, 80 F.3d at 1292 (remanding for benefits after the claimant had waited over seven years for a disability determination.).

PAGE 10 – OPINION AND ORDER

2016 WL 7404449, at *7 (W.D. Wash. Dec. 22, 2016) (remanding for benefits where "there ha[d] been three attempts by administrative law judges to adjudicate plaintiff's claim" and the "Court has concluded that yet again, the Administration has failed to adjudicate properly [the] plaintiff's claim").

Finally, the Commissioner does not assert that there is any "serious doubt" that Plaintiff is disabled, nor offers any evidence to support any such doubt (*see* Def.'s Br. at 4-5), and the Court does not have serious doubt about whether Plaintiff is disabled based on its review of the record.

For these reasons, the Court exercises its discretion to remand this case for an award of benefits. *See Leitz*, 2023 WL 4342114, at *3 ("The Government argues that we should remand for further proceedings rather than remand for an award of benefits. However, remand would serve no legitimate purpose . . . and permitting the Government to introduce additional evidence on remand would provide the Government with an unfair second opportunity to present its case. We therefore remand to the district court with instructions to remand to the agency for an award of benefits.") (citations omitted); *Hoffschneider v. Kijakazi*, No. 18-15504, 2022 WL 3229989, at *3 (9th Cir. Aug. 10, 2022) ("Once the improperly discredited evidence is credited as true, the vocational expert's testimony forecloses a determination that [the claimant] can work. Because no 'serious doubt' remains that [the claimant] is disabled, there is nothing left to decide. We therefore reverse and remand with instructions to remand to the Commissioner for a calculation and award of benefits.") (citations omitted); *see also Alicia Marie K. v. Comm'r of Soc. Sec.*, No. 2:20-cv-00810-JRC, 2021 WL 12175055, at *7 (W.D. Wash. June 1, 2021) ("Plaintiff's disability claim has been pending for over eight years, during which she has received three unfavorable hearing decisions from two different ALJs. A remand for additional proceedings,

PAGE 11 – OPINION AND ORDER

under these circumstances, would only allow the ALJ 'to have a mulligan' without necessarily arriving at a correct determination. In this case, this would, in essence, be the third mulligan. Thus, a remand for an award of benefits is warranted." (citing *Garrison*, 759 F.3d at 1021)); *cf. Michael P. v. Berryhill*, No. 3:18-cv-00902-YY, 2019 WL 3210096, at *3 (D. Or. June 27, 2019) ("Plaintiff . . . has spent the past eight years locked in a perpetual cycle of ALJ errors and remands. The caselaw in this circuit does not support remanding this case to give the Commissioner another opportunity to meet its burden." (first citing *Benecke*, 379 F.3d at 595; and then citing *Rustamova v. Colvin*, 111 F. Supp. 3d 1156, 1165 (D. Or. 2015))).

## CONCLUSION

Based on the foregoing reasons, the Court REVERSES the Commissioner's decision and remands this case for the calculation and award of benefits.

**IT IS SO ORDERED.**

DATED this 9th day of October, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge